**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTE RN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**SHARON D. JOHNSON**                                                       **PLAINTIFF**

v.                     **Case No. 5:10-CV-00037 BSM**

**CITY OF PINE BLUFF and CARL REDUS**                       **DEFENDANTS**

**<u>ORDER</u>**

Defendants City of Pine Bluff ("Pine Bluff") and Mayor Carl Redus move for summary judgment [Doc. No. 21] and plaintiff Sharon D. Johnson objects. [Doc. No. 29]. For the reasons set forth below, summary judgment is GRANTED.

I. FACTUAL BACKGROUND

Johnson began working for Pine Bluff in 1986 as a secretary for the inspection department. She became the first assistant city collector in 1996. During her time as assistant city collector, she worked for city collector Betty Massanelli.

Massanelli retired as city collector in 2005, and Johnson was appointed interim city collector in January 2006. Upon taking the job of interim city collector, Johnson's salary was increased to equal Massanelli's pre-retirement salary. In May 2006, the city hired a new director of finance. In response, Mayor Redus reduced Johnson's salary to its original level. According to Redus, he reduced Johnson's salary because he wanted to make the collector's officer part of the finance department and modernize the way the two offices were run.

Johnson appealed the decision to reduce her salary, and the city counsel voted to restore her to Massanelli's rate of pay until the city hired a new city collector or until there

was a change in the way the collector's office was run. Johnson was granted back pay to compensate her for the pay she missed between the reduction and reinstatement.

In November 2006, Albert Ridgell applied for the position of information systems manager. Ridgell had a bachelor's degree in mathematics and substantial experience working with computers and computer information systems in banking and finance industries. Redus contends that once he read Ridgell's resume, he decided that Ridgell would be a good fit for the city collector's office, and would help modernize its operations. He notified Ridgell of the open collector's position, and Ridgell agreed to be considered for the position.

Johnson also applied for the city collector's position. Redus interviewed both Johnson and Ridgell and hired Ridgell in June 2007. Ridgell accepted the position and Johnson was returned to her position as first assistant city collector. Her salary was reduced to the original level.

Johnson then filed this suit pursuant to the Equal Pay Act (EPA), 28 U.S.C. § 1983, and 28 U.S.C. § 1981. She alleges discrimination in payment and in the hiring process for the city collector's job.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if, after viewing the evidence in the light most favorable to Johnson, no genuine issues of material fact exist and defendants are entitled to judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008). Johnson cannot survive the motion for summary judgment merely by pointing to disputed facts; the

facts in dispute must be material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1985). If the facts alleged by Johnson, when viewed in the light most favorable to her case, would not allow a reasonable jury to find in her favor, then summary judgment should be granted in favor of defendants. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

### III.  DISCUSSION

Johnson contends that she was discriminated against on the basis of her sex because she was paid less than Ridgell and because she was overlooked for the city collector position. She does not, however, raise triable issues of fact to take the case to a jury. As such, summary judgment is GRANTED in favor of defendants.

A.    Equal Pay Act

To establish a *prima facie* case under the EPA, Johnson must prove that Pine Bluff and Redus discriminated against her on the basis of sex by paying a man higher wages to perform equal work in a job requiring equal skill, effort, and responsibility under similar working conditions. *Drum v. Leeson Electric Corp.*, 565 F.3d 1071, 1072 (8th Cir. 2009); *Tenkku v. Normandy Bank*, 348 F.3d 737, 740 (8th Cir. 2003). If Johnson establishes a *prima facie* case, the burden then shifts to defendants to prove one of the four statutory affirmative defenses available under the EPA. These affirmative defenses are: (1) a seniority system; (2) a merit system; (3) a system that measures earning by quantity or quality of production; or (4) a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1); *Tenkku*, 348 F.3d

at 741–42.

Johnson has not established a *prima facie* case under the EPA because she has not shown that she and Ridgell perform equal work. In her deposition, Johnson admits that Ridgell is responsible for planning, assigning, or directing her work. Johnson Deposition 28:6–7. She also admits that Ridgell is ultimately responsible for all the money collected by Pine Bluff and for enforcing regulations and ordinances pertaining to the collection and payment of monies and taxes. *Id.* 26:8–28:1. In her response to defendants' statement of undisputed facts, Johnson attempts to mitigate these admissions by contending that she too is responsible for directing work, collecting monies, and enforcing ordinances. Pls. Fact Response ¶¶ 55, 61, 62. Despite these responses, it is clear from Johnson's own admission that Ridgell has the ultimate responsibility for the City Collector's Office and its management. Johnson Dep. 27:14–16. Additionally, Johnson admits that Ridgell is responsible for approving her vacation and sick leave, for reporting to the mayor, drafting reports for the mayor's office, attending department head meetings, producing the department's budget, interfacing with the Finance Department, and attending outside meetings. Pls. Fact Response ¶¶ 54, 57–59, 63.

The undisputed facts demonstrate that Ridgell's duties and Johnson's duties are unequal. The undisputed facts also demonstrate that Ridgell supervises Johnson. For these reasons, summary judgment is appropriate on Johnson's EPA claim.

B.    <u>Failure to Promote</u>

Johnson claims that defendants discriminated against her based on her sex by refusing to promote her to city manager. She argues that she has created triable issues of fact through both direct and indirect evidence of discrimination.

*1. Direct evidence*

Johnson claims that she has produced direct evidence of discrimination. She cites three specific pieces of evidence: (1) statements from the city council that Redus is discriminating based on gender; (2) statements made by interim human resources manager Vicki Conaway that Redus discriminated against Johnson based on sex; and (3) statements made by Ken Ferguson, a former human resources manager, describing the Redus's violations of hiring policy as throwing up a "red flag." As noted below, this "evidence" is largely unsupported by the record and does not provide direct evidence of discrimination sufficient to create triable issues of fact.

Johnson's reference to the statements made at a city counsel meeting does not present direct evidence of discrimination. The evidence comes from the deposition of Vickie Conaway. In the deposition, Johnson's attorney asks Conaway if she is aware of a meeting where two aldermen indicated that the mayor was not paying women correctly and might cause a lawsuit. Conaway responds, "Yes." Johnson's attorney then asks, "In that meeting, was it their opinion that the mayor was paying women differently because of their gender?" Conaway responds, "I assume that was their opinion, because they did say that." Conaway Dep. 24:19–25:9. This testimony offers no direct evidence of discrimination and is based on

conjecture and hearsay. Moreover, the aldermen were referring to the pay of a woman totally unrelated to this lawsuit. The testimony had nothing to do with whether the mayor or the city discriminated against Johnson in hiring for the position of city collector.

Johnson's reference to the testimony of Conaway regarding the hiring of the city collector is misleading and presents no direct evidence of discrimination. When Johnson's counsel pressed Conaway to state that the mayor had committed sex discrimination, Conaway replied, "It looks like it, but I'm not going to conclude that." Conaway Dep. 41:8–18. Conaway herself presented no direct evidence of discrimination, and ultimately refused to conclude that discrimination had occurred. Her statement is at best an inference supported by personal opinion. Johnson may not cloak inference as direct evidence by making misleading references to the record or by citing conjecture and innuendo as fact.

Johnson's reference to the testimony of Ken Ferguson is likewise misleading and does not provide any evidence of discrimination. In a deposition, Johnson's counsel asked Ferguson: "if a policy is not followed and a male is selected over a female that has actually been doing the job, then a red flag can be thrown up; correct?" Ferguson Dep. 42:22–25. Ferguson refused to take a position on whether under those circumstances a "red flag" would be thrown up. He likewise did not claim that the mayor's hiring of Ridgell violated a policy. Ferguson simply stated, "We're getting there. I'm going to answer. A red flag would be thrown up if indeed policy was not followed." None of this testimony provides direct evidence of discrimination.

*2. Indirect evidence*

Johnson also contends that she has presented circumstantial evidence of discrimination. Her circumstantial evidence is analyzed through the *McDonnell Douglas* burden shifting analysis. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973). To prove sex discrimination, Johnson must first set forth the elements of a *prima facie* case. If she establishes a *prima facie* case, the burden of production then shifts to the city to articulate a non discriminatory reason for declining to promote her. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the city comes forward with a legitimate non-discriminatory reason, then the burden shifts back to Johnson to prove by a preponderance of the evidence that the proffered reason is merely a pretext for discrimination. *Id.*

To establish a prima facie case of discrimination Johnson must show: (1) that she is a member of a protected group; (2) that she was qualified and applied for a promotion to a position for which the city was seeking applicants; (3) that despite her qualifications, she was rejected; and (4) that the city hired or promoted a person of similar qualifications who was not a member of the same protected group. *Marzec v. Marsh*, 990 F.2d 393, 395–96 (8th Cir. 1993).

Whether Johnson has established a *prima facie* case of discrimination is not addressed because the defendants have obviously met their burden of articulating a non-discriminatory reason for hiring Ridgell. Defendants contend that Ridgell was hired because: (1) he is better qualified, and (2) he has the background in computers required to update and modernize the

city collector's office.

Defendants' contention that Ridgell was better qualified for the position is supported by the record. Johnson is a high-school graduate with one year of technical college and has experience working in the city collector's office. Ridgell has a college degree in mathematics and a substantial background in computers, accounting, information management, and financial systems. Def.'s Fact Stmnt. Ex. S. Although Johnson contends that her prior experience also qualified her for the job of city collector, she has presented no evidence that her qualifications surpassed or even equaled those of Ridgell.

Johnson responds to Ridgell's superior qualifications by contending that he did not meet the minimum qualifications for the job. In support of this argument she puts forward the deposition of Vickie Conaway, the interim human resources director. According to Johnson, Conaway claims that Ridgell is not qualified for the position of city collector. This argument, however, misstates Conaway's deposition. Conaway clearly states that both Ridgell and Johnson met the minimum qualifications for the job. Conaway Dep. 19:5–7. Moreover, Conaway admits that she was not human resources manager at the time of the hiring, was not involved in the hiring process for city collector, and has no personal knowledge of what qualifications the mayor sought. Def.'s Second Reply Br. Ex 1.

Johnson also fails to articulate any specific way that Ridgell was not qualified for the position of city collector. A reading of the job description for city collector makes it apparent why she has failed to do so: her contention is without merit. *See* Def.'s Fact Stmnt. Ex. W.

It is clear from the record that Ridgell was qualified for the job.

Defendants' second non-discriminatory reason for hiring Ridgell is that he had the necessary computer skills to update and automate the city collector's office. Def.'s Summ. J. Br. 11–12. According to defendants, Redus wanted to change the way that the city collector's office was run, and decided that Ridgell's background in finance and computers would improve the office. Redus Aff. ¶¶ 3–13. A federal court does not sit as a super-personnel department that re-examines the business decisions of defendants. *Krenik v. County of Le Sueur*, 47 F.3d 953, 960 (8th Cir. 1995). Pine Bluff and Redus were in the best positions to determine how to run the city collector's office and what qualifications a person should have to fill the role of city collector. Redus's desire to update and modernize the collection system is reasonable and his choice of Ridgell is entirely consistent with this vision.

Johnson tries to rebut this reason by contending that Ridgell has not, in fact, updated and modernized the collection system. This contention is not supported by her own admissions. Johnson admits that Ridgell implemented a method for city's collection agency to access the city's files and improve collection, and she admits that she did not think to implement a system like this because she does not have a computer background. Johnson Dep. 14:22–15:6. The record also contains a number of uncontradicted instances where Ridgell claims to have modernized the city collector's office. Ridgell Dep. 58:1–64:4.

Moreover, it is not important that Ridgell ultimately updated the city collector's office.

What is important is that the mayor and the city honestly believed that Ridgell was capable of making the desired updates and hired him on this basis. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).

Johnson attempts to show pretext by asserting that other women have been discriminated against by the same mayor. There is, however, no evidence in the record that the mayor actually discriminated against any of these women. All of the testimony regarding these other incidents of discrimination is based on conjecture and hearsay.

Finally, Johnson attempts to show pretext by contending that Steve Stevens, a man, received the maintenance director position without a degree. The analysis here is a bit convoluted. Johnson contends that this is evidence of pretext because the mayor allegedly did not hire Vickie Conaway for the position of human resources director because she did not possess a college degree. According to Conaway, the mayor has a policy of only hiring people with degrees for director positions, but he made an exception for a man. Johnson asserts that this demonstrates that Redus's policy of only hiring people with degrees is merely a pretext for gender discrimination.

This contention has a number of problems. First, the city presents a number of other reasons why Johnson was not hired for the position of city collector other than her lack of a college degree. Second, there is no reason to believe that the director of a maintenance department is similarly situated to the director of either of a human resources department or city collector's office. The skill sets involved in maintenance are dramatically different from

those involved in human resources or revenue collection. It is Johnson's burden to show that Stevens is similarly situated, but she has not presented evidence to meet this burden. *See Smith v. Allen Health Systems, Inc.*, 302 F.3d 827, 835 (8th Cir. 2002).

## IV.  CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment [Doc. No. 21] is GRANTED.

IT IS SO ORDERED this 25th day of July 2011.

_____
UNITED STATES DISTRICT JUDGE